United States Bankruptcy Court
Eastern District of Pennsylvania

```
In re:                                                          Case No. 12-16552-amc
Robert P. Peglow                                                Chapter 13
      Debtor
```

## CERTIFICATE OF NOTICE

```
District/off: 0313-2          User: admin              Page 1 of 1           Date Rcvd: Nov 10, 2017
                              Form ID: 3180W           Total Noticed: 14
```

```
Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Nov 15, 2017.
db             +Robert P. Peglow,    4204 Bleigh Avenue,    Philadelphia, PA 19136-3913
12965885       +Avallone Law Assocs.,    5th Flr.,    215 S. Broad Street,    Phila. PA 19107-5318
12884773        Bank of America, N.A.,    P.O. Box 660933,    Dallas, TX 75266-0933
13574988       +PennyMac Loan Services, LLC,    6101 Condor Drive,    Suite 200,    Moorpark, CA 93021-2602
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: bankruptcy@phila.gov Nov 10 2017 22:16:35     City of Philadelphia,
                 City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Nov 10 2017 22:16:18
                 Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Nov 10 2017 22:16:32     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
12827229        EDI: BANKAMER2.COM Nov 10 2017 22:18:00      FIA CARD SERVICES, N.A.,    PO Box 15102,
                 Wilmington, DE 19886-5102
12840729       +EDI: TSYS2.COM Nov 10 2017 22:18:00      Department Stores National Bank/Macys,
                 Bankruptcy Processing,    Po Box 8053,    Mason, OH 45040-8053
12942259        EDI: ECMC.COM Nov 10 2017 22:18:00      ECMC,   Educational Credit Management Corp.,
                 PO Box 16408,    St. Paul, MN 55116-0408
12844089        EDI: FORD.COM Nov 10 2017 22:18:00      Mazda American Credit,    P.O. Box 6275,
                 Dearborn, MI  48121
12812592       +EDI: IRS.COM Nov 10 2017 22:18:00      IRS,   PO BOX 7346,    Phila, PA 19101-7346
12882525        EDI: JEFFERSONCAP.COM Nov 10 2017 22:18:00      Jefferson Capital Systems LLC,    PO BOX 7999,
                 SAINT CLOUD MN 56302-9617
13024832        EDI: RESURGENT.COM Nov 10 2017 22:18:00      LVNV Funding LLC,   c/o Resurgent Capital Services,
                 PO Box 10587,    Greenville, SC 29603-0587
                                                                                              TOTAL: 10

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 15, 2017                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on November 9, 2017 at the address(es) listed below:
         ANDREW   SPIVACK    on behalf of Creditor    PennyMac Loan Services, LLC paeb@fedphe.com
         ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
          bkgroup@kmllawgroup.com
         JOSEPH ANGEO DESSOYE    on behalf of Creditor    Bank Of America, N.A. paeb@fedphe.com
         JOSEPH ANGEO DESSOYE    on behalf of Creditor    PennyMac Loan Services, LLC paeb@fedphe.com
         LAWRENCE W. ABEL    on behalf of Debtor Robert P. Peglow abel@avallonelaw.com,
          mteran@avallonelaw.com
         THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
          bkgroup@kmllawgroup.com
         TIMOTHY   ZEARFOSS    on behalf of Debtor Robert P. Peglow tzearfoss@aol.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,    philaecf@gmail.com
                                                                                              TOTAL: 9
```

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Robert P. Peglow** | Social Security number or ITIN **xxx–xx–8823** |
| | First Name  Middle Name  Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–16552–amc** | |

# Order of Discharge     12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

   Robert P. Peglow

<u>11/9/17</u>                                  **By the court:**     <u>Ashely M. Chan</u>
                                                                      United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**